UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANNY D. CABRERA,

    Plaintiff,

v.   Case No. 8:26-cv-34-TPB-CPT

MOE,
MARIA, and
NIKOS NEW YORK STYLE DINER,

    Defendants.
_____/

## **ORDER**

Danny D. Cabrera, a pretrial detainee at the Pasco County Detention Center, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983, and motion to proceed *in forma pauperis*. (Docs. 1–3) Upon review, this case must be dismissed with prejudice because the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

---

[1] Under 28 U.S.C. § 1915A(a), the Court must screen certain civil suits brought by prisoners to determine whether they should proceed. A court is required to dismiss a complaint (or any portion thereof) it is "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner,* 404 U.S. 519 (1972).

I.  **Cabrera's Complaint**

Cabrera sues individuals named "Moe" and "Maria" who are owners of Nikos New York Style Diner for discrimination and for violations of his First Amendment rights. He alleges the following (Doc. 1 at 4):

> After kitchen manager harassing me I spoke to owners Moe and Maria[.] Nothing was done. Around Nov. 8th at Nikos Diner he harassed me and discriminated calling me a spic and a motherfucker. . . . I quit because of the embarrassment and humiliations he made me go thru.

When prompted to explain his injuries, Cabrera writes that he sustained "no injuries," but he seeks to recover compensation for lost wages. (*Id*. at 5)

II.  **Analysis**

"Section 1983 provides judicial remedies to a claimant who can prove that a person acting *under color of state law* committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *See Hale v. Tallapoosa Cty*., 50 F.3d 1579, 1582 (11th Cir. 1995) (emphasis added). Private parties are state actors for § 1983 purposes only in rare circumstances not applicable here. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Cabrera as not alleged that Moe, Maria, or Nikos New York Style Diner are state actors for purposes of § 1983, nor can he assert facts demonstrating that these private parties are

state actors because the events giving rise to this action involve Cabrera's employment at a private business.

Amendment of Cabrera's complaint would be futile because he can state no valid § 1983 claim against these private parties. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not . . . allow an amendment . . . where amendment would be futile.").

### III. Conclusion

Accordingly, Cabrera's Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim. The Clerk is directed to enter a judgment of dismissal against Cabrera, terminate any pending motions, and to **CLOSE** this case.

DONE and ORDERED in Chambers in Tampa, Florida, this 12th day of January, 2026.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**